**LASC Case No.: BC465349**

E-Filed/JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-7045-GHK (FMOx) | Date | December 19, 2011 |
|---|---|---|---|
| Title | *Helena Nunez v. NRA Group, LLC* | | |

**Presiding: The Honorable**  **GEORGE H. KING, U.S. DISTRICT JUDGE**

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

(none)                                                          (none)

**Proceedings:**     **(In Chambers) Order Remanding Case**

On July 14, 2011, Plaintiff Helena Nunez ("Plaintiff") filed a lawsuit against Defendant NRA Group, LLC ("Defendant") in California state court. Plaintiff seeks to represent a proposed class of individuals who answered telephone calls from Defendant while located in California, and alleges that Defendant had a policy and practice of secretly recording telephone calls with persons located in California without their consent in violation of state law. Plaintiff alleges that she received only "approximately four (4) to eight (8) telephone calls" from Defendant, and in her prayer for relief, Plaintiff seeks an award of statutory damages in the sum of $5,000 for "each incident in which a telephone conversation of Plaintiff . . . was eavesdropped, recorded, or published." On August 25, 2011, Defendant removed the matter to this Court based solely on diversity jurisdiction under 28 U.S.C. § 1332(a). Defendant alleged in the Notice of Removal ("NOR") that there is complete diversity of citizenship between it and Plaintiff because Defendant is incorporated in Pennsylvania and has its principal place of business in Pennsylvania, and Plaintiff is a citizen of California. Defendant alleged that the amount in controversy requirement has been satisfied because Plaintiff effectively alleges statutory damages of approximately $80,000. Defendant made no allegation that this action was purportedly removable under the Class Action Fairness Act ("CAFA").

On November 22, 2011, we issued an Order to Show Cause ("OSC"), stating that Defendant had not met its burden of showing by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional threshold. We noted that Defendant's $80,000 estimation appeared to be based on an assumption that Plaintiff received eight telephone calls from Defendant that were recorded and that Plaintiff would be entitled to double recovery for each of those eight telephone calls because Plaintiff asserts two causes of action. We further stated that if this theory was the basis of Defendant's calculation, Defendant had provided no authority nor explanation as to why Plaintiff would be entitled to recovery under both causes of action for each alleged incident in which a telephone conversation was recorded. Accordingly, we ordered Defendant to show cause why this case should not be remanded for lack of subject matter jurisdiction.

E-Filed/JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7045-GHK (FMOx) | Date | December 19, 2011 |
|---|---|---|---|
| Title | *Helena Nunez v. NRA Group, LLC* | | |

      Defendant timely responded to our OSC ("Response"). In its Response, Defendant concedes that this matter does not meet the requirements for jurisdiction under 28 U.S.C. § 1332(a) because Defendant "agrees with the Court that double recovery is not permissible." However, Defendant asserts that we also have jurisdiction over this case under CAFA.

      Defendant did not assert CAFA as a basis for removal in its NOR. Moreover, we may not effectively deem Defendant's assertion of CAFA in its Response to be an amendment to the NOR because Defendant filed its Response more than 30 days after its NOR. "[S]ince removal must be effected by a defendant within 30 days after receiving a copy of the complaint (28 U.S.C. § 1446), the removal petition cannot be thereafter amended to add allegations of substance but solely to clarify 'defective' allegations of jurisdiction previously made." *Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir. 1969); *Peck v. Cingular Wireless, LLC*, No. C06-343Z, 2008 WL 4735098 (W.D. Wash. Oct. 24, 2008) ("[H]aving failed to allege class action diversity in their Notice of Removal, defendants cannot now amend to correct deficiencies relating to such basis for jurisdiction." (citing *Barrow Dev. Co.*, 418 F.2d at 317)); *Whitehead v. Nautilus Group*, 428 F. Supp. 2d 923, 929 (W.D. Ark. 2006) (collecting cases and stating, "Adding new grounds for federal jurisdiction are [sic] not permitted after the thirty-day time limit in § 1446(b) has expired."). Accordingly, because the NOR only asserts diversity jurisdiction under 28 U.S.C. § 1332(a) and Defendant has conceded that the requirements for jurisdiction under § 1332(a) have not been met, this case was not properly removed.[1] In light of the foregoing, this case is **hereby REMANDED** to the court from which it was removed.

      **IT IS SO ORDERED.**

|  | -- | : | -- |
|---|---|---|---|
|  | Initials of Deputy Clerk | | Bea |

---

[1] Because this case was not properly removed, our decision is consistent with *Williams v. Costco Wholesale Corp.*, 471 F.3d 975 (9th Cir. 2006), which provides that "[o]nce a case has been *properly removed*, the district court has jurisdiction over it on all grounds apparent from the complaint, not just those cited in the removal petition." *Id.* at 977 (emphasis added).